[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Park Avenue Associates, Inc. appeals the decision of the defendant zoning board of appeals denying its application for a variance of the zoning regulations as they pertain to property owned by the plaintiff in East Hartford. The board acted pursuant to Conn. Gen. Stats. sec. 8-6. The plaintiff appeals pursuant to sec. 8-8. The court finds the issues in favor of the defendant board.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. The plaintiff purchased the property in question, which is located at 378-388 Park Avenue, in December 1992 and still owns it. The property consists of a horseshoe shaped apartment building containing thirty-two residential units. When the plaintiff purchased the property, there were only thirty units, but the plaintiff subsequently added two units. The property includes a parking area behind the buildig containing thirty parking slots. This parking area existed with the same number of slots when the plaintiff purchased the property.
When the plaintiff purchased the property, there were six paved parking slots in the front yard of the building. These have been used for parking CT Page 5333 from time to time. There are no curb cuts to facilitate access to these spaces from the street, and a vehicle must drive over the sidewalk to reach them. The sidewalk was not constructed to accommodate vehicular traffic.
Section 209.1(A) of the East Hartford zoning regulations provides that no parking spaces shall be "located in any required front yard" of a building lot. It is undisputed that the six paved parking slots in the front yard of the property in question here are in violation of this section. For that reason, the plaintiff sought a variance of section 209.1 to allow the use of those front yard parking spaces.
The defendant board held a hearing on the variance application at which the plaintiff's representative appeared and presented arguments in support of the application. Following the hearing, the board met and voted unanimously to deny the application. It is this decision which is the subject of the appeal in this case.
In its notice of decision, the board did not cite a reason for its denial of the variance. "Where a zoning board of appeals does not formally state the reasons for its decision, . . . the trial court must search the record for a basis for the board's decision." ConnecticutResources Recovery Authority v. Planning Zoning Commission. 225 Conn. 731, 743, 626 A.2d 705 (1993). The court has searched the record in this case. During the plaintiff's presentation to the board at the hearing, the chairperson of the board stated that the board would have to find that the regulation in question would cause the plaintiff a legal hardship in order to grant the plaintiff's application. At the conclusion of the plaintiff's presentation, the chairperson stated, "I don't see the hardship." The other members of the board then pursued questions directed to the plaintiff's representative on a variety of issues, most of which related to the issue of hardship. Finally, the chairperson stated, "I think it's simple. I don't think the applicant proved their hardship under the law." The board thereupon voted unanimously to deny the application. The court concludes on the basis of this record that the reason for the board's denial of the application was that the plaintiff did not establish sufficient hardship to justify the variance.
It is undisputed and the court finds that the plaintiff is the owner of the property in question. The plaintiff is, therefore, aggrieved by the board's decision and has standing to bring this appeal.
The law applicable to the authority of a zoning board of appeals to grant variances is well settled. "[W]e have interpreted General Statutes (Rev. to 1993) § 8-6[FN11] to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: "(1) the CT Page 5334 variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan . . . Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance . . . A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations and internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 207-208 (1995).
The plaintiff's principal argument that it will experience a hardship if the variance is not granted is that it will be less able to retain or attract tenants because its off street parking facilities are limited. Secondarily, the plaintiff argues that it will be in violation of two other ordinances regarding parking if the board does not permit it to use the front yard spaces. With regard to the latter argument, there is absolutely no evidence in the record that the plaintiff is now in violation of these ordinances or that it could not comply with them in the absence of the variance it applied for. Indeed, section 209.3, which provides a formula setting forth a minimum parking requirement for multiple dwelling units, specifically allows the zoning commission to permit exceptions to the formula. This argument may not be sustained.
With regard to the argument concerning inadequate parking for the tenants, there is no evidence of hardship that the law recognizes as justification for a variance. The essence of the plaintiff's argument is that it will be at an economic disadvantage because its facility will be less attractive to potential tenants. Secondly, when the plaintiff acquired the property, there was one legal parking space for each residential unit. It was only after the plaintiff itself added two new units that the parking became inadequate. These undisputed facts establish that any hardship that the plaintiff is experiencing is self-created. Neither of these circumstances is sufficient to justify a variance. Bloom v. Zoning Board of Appeals, supra.
The court concludes that the board correctly determined that the plaintiff had not established sufficient hardship to justify approval of the requested variance. Accordingly, the plaintiff's appeal is dismissed.
Maloney, J.